[Civ. No. 35142. Second Dist., Div. One. May 8, 1970.]

FRANK ADAMS, Plaintiff and Appellant, v.
WALTER SHANNON, as Director, etc., Defendant and Respondent.

428

## COUNSEL

Alfred D. Williams for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Walter S. Rountree, Assistant Attorney General, and Walter E. Wunderlich, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—Appellant is a dealer in tropical fish. He appeals from a judgment of the superior court denying him an injunction restraining the California Department of Fish and Game from enforcing statutes and regulations prohibiting the importation and possession of piranha. We affirm the judgment.

### Statutory Scheme

Since 1961 the Fish and Game Code has contained a comprehensive scheme limiting the importation of wild animals (including fish) into California. The code (§ 2118) prohibits the importation of specified species without a permit. It delegates to the Fish and Game Commission the responsibility for issuing permits for importation of the designated species and empowers the commission to issue regulations which may include a list of animals for which import permits will be issued and refused (§§ 2120, 2122). The code specifies standards to be followed by the commission in promulgation of regulations and the issuing of import permits (§§ 2123, 2150). Section 2150 of the code provides that a permit to import a species designated by the code may be issued "upon determination that the animal is not detrimental or that no damage or detriment can be caused to agriculture, to native wildlife, or to the public health or safety, as a result of such importation. . . ."

Animals (and fish )imported without a permit are subject to destruction by an "enforcing officer" (§ 2189). The contraband animal (or fish) may, however, on notice of violation from the enforcing officer be "shipped out of the State, returned to point of origin, or destroyed, . . . at the option of the owner or bailee" (§ 2188).

One of the species, the importation of which is prohibited except by permit, is the fish known as piranha. (Fish & G. Code, § 2118, subd. (e).) Regulations of the commission provide that no permit will be issued for the importation of piranha except to a public aquarium for exhibition purposes (Cal. Admin. Code, tit. 14, § 671) or to zoological gardens or for research (Cal. Admin. Code, tit. 14, § 671.1).

### Appellant's Violation

Appellant is a wholesale and retail dealer in tropical fish. In the normal course of his business and without claiming to have a permit to do so, he has imported piranha to California and sold the fish to the general public. On April 7, 1965, appellant had in his possession 140 piranha imported without a permit. On that date respondent, acting in his capacity as the Director of the Department of Fish and Game, served a notice of inspection upon appellant. The notice prohibited sale of the piranha and required that within 30 days appellant either ship the fish from California, destroy them, or donate them to a bona fide public aquarium or zoological garden. Appellant did not comply with the notice.

### Nature of Litigation

On May 7, 1965, appellant filed his complaint commencing the proceedings in the case at bench. The complaint alleges that since 1964 appellant has sold approximately 4,000 piranha of a value of $50 to $100 each, and that he has customers for 1,000 more. The complaint states that the piranha cannot constitute "a threat of damage to the natural wildlife or agricultural interests of the State of California in private aquariums or if it were set at large." It claims, therefore, that "Regulation 670, et seq., Title 14 of the Administrative Code" which "denies" appellant's right to import and possess piranha is unreasonable because it is "arbitrary, carpicious, unreasonable, ultra vires [and] does not further the object of the law being administered. . . ."

The complaint in its first cause of action seeks to enjoin enforcement of the pertinent regulations. In its second cause of action, the complaint seeks a writ of mandate compelling the Fish and Game Commission to promulgate a finding that "the piranha is not inimical, dangerous or a threat to the natural wildlife or agricultural interests of this State from its existence at large or in any other environment." The second cause of action also seeks a writ of mandate directing respondent to issue a permit to appellant to import and sell piranha.

The joint pretrial statement of the parties includes the following as an admitted matter for the purposes of the litigation: "h. That sections 2118,

2120, 2150, 2188 and 2189 of the Fish and Game Code of California are valid and constitutional and are promulgated pursuant to a valid exercise of the police power of the state." Consistent with that admission, appellant's separate pretrial statement states his contention that regulation 671, as it affects the importation of piranha, is "arbitrary and capricious" because it is not based upon any evidence that piranha could survive or become established in California.

After receiving evidence in the form of exhibits, the trial court held for respondent. It denied appellant's prayer for an injunction and writ of mandate.

### Issues on Appeal

On appeal, appellant departs drastically from his theory in the trial court. He now contends that the sections of the Fish and Game Code admitted to be valid for the purposes of this litigation are unconstitutional. He argues that the statutory scheme represents an improper exercise of the police power, that the statutes and regulations are overly broad when measured against their purpose, and that the statutes deprive him of property without due process of law. We conclude that appellant's arguments must be rejected.

### Police Power

Appellant argues that the statutes and regulations which prohibit him from importing piranha for commercial purposes are unconstitutional because their enactment is beyond the police power of the state. We note at the outset that in the trial court appellant participated in the filing of a statement of agreed matters containing a declaration that the statutes he now contends are unconstitutional represent a valid exercise of the police power by the state of California. We do not, however, rest our decision solely on that procedural fact. ■ Appellant's contention is without merit as a matter of law. A state may prohibit the importation, possession, transportation, or sale of fish or game taken outside the state when its legislature reasonably determines that the action is needed to protect the local ecology. That action by a state does not violate the commerce clause of the United States Constitution and is a proper exercise of the police power of the state. (*New York* ex rel. *Silz* v. *Hesterberg,* 211 U.S. 31 [53 L.Ed. 75, 29 S.Ct. 10]; *Johnson* v. *Gentry,* 220 Cal. 231 [30 P.2d 400, 92 A.L.R. 1264]; note 92 A.L.R. 1267 and cases there cited.)

■ The record of the case at bench establishes that the action of the Legislature in enacting the pertinent statutes and of the commission in promulgating the implementing regulations are based upon a firm founda-

tion in fact. There is an ample showing that the action is designed to protect the inland waters of California. The record contains qualified expert opinion that piranha, if introduced into the waters of California, could seriously endanger existing species of aquatic life. The evidence discloses that the piranha is an extremely voracious, aggressive, carnivorous fish. In its native habitat in South America it is a danger to other fish, to mammals, and to human beings. There is evidence also that piranha could establish themselves in the waters of California. The Legislature in enacting the pertinent statutes and the commission in adopting the questioned regulations were amply justified in determining that the danger to the inland ecology of California from the introduction of piranha is so great as to require that the importation of the species be drastically curtailed.

Appellant concedes that there is a factual basis for the legislation and regulation he contends are unconstitutional. He emphasizes, however, that there is also evidence that piranha could not survive and reproduce in the waters of California. He then argues that by reason of the conflict in evidence there is not a "clear and present danger" that the importation of piranha would endanger existing wildlife or agriculture. Appellant contends that absent a clear and present danger the enactment of the pertinent statutes and regulation is beyond the police power of the state.

Appellant misconceives the constitutional foundation for the legislative and regulatory action now before the court. In general, a legislative act is presumed to be constitutional and doubt must be resolved in favor of its validity. (Witkin, Summary of Cal. Law (1960) Constitutional Law, § 20, and cases there cited.) ▮ A limitation upon the general rule exists in the case of legislation impinging upon rights guaranteed by the First Amendment to the United States Constitution. If the limitation is applicable, the "clear and present danger test" is applied. That test is not otherwise applicable.

▮ In the case of an exercise of the state police power in a fashion designed to protect the natural environment, the test is not whether there is a clear and present danger to the environment which justifies the legislation. The test is rather whether the legislative body could have determined upon any reasonable basis that the legislation is necessary or desirable for its intended purpose. ▮ The evidence in the record of the case at bench constitutes such a reasonable basis. So also does ecological history. There are countless instances in which the introduction of a species exotic to an area has meant disaster to its natural environment. The Legislature of California might well have banned the importation of piranha based upon the

experience of Australia with the importation of rabbits,[1] the experience of Hawaii with the introduction of the mongoose,[2] the experience of those parts of the United States in which the starling has become a nuisance.[3] The validity of the legislation is confirmed by the experience of Florida with the walking catfish introduced into that state by dealers in tropical fish who imported it for sale to their trade.[4]

## Classification

We find no constitutional infirmity in the classification adopted by regulations 671 and 671.1 which authorize the granting of import permits for piranha to public aquaria for exhibition purposes, to zoological gardens, and for research while denying the granting of permits for other purposes.

Classification is not per se prohibited by the equal protection clause of the Fourteenth Amendment to the United States Constitution. (*Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 78 [55 L.Ed. 369, 31 S.Ct. 337].) " 'When a legislative classification is questioned, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of existence of that state of facts, and the burden of showing arbitrary action rests upon the one who assails the classification.' " (*Ferrante* v. *Fish & Game Com.,* 29 Cal.2d 365, 372 [175 P.2d 222]; see also *Bayside Fish Flour Co.* v. *Gentry,* 297 U.S. 422 [80 L.Ed. 772, 56 S.Ct. 513].)

Here there is a clearly conceivable basis for the classification which has not been rebutted by appellant. The likelihood that piranha will be released into the waters of the state is small if the fish are imported by a responsible, knowledgeable scientific organization. It is much greater if the importation is for commercial purposes including the indiscriminate sale of live fish to the public.

## Breadth of Statutes and Regulation

Appellant contends that the pertinent statutes and regulations are unconstitutionally overly broad. He argues that the purpose of the statutes is to prevent the release of piranha into the waters of the state, and that this purpose can be accomplished by means short of the drastic restriction upon imports imposed by the statute. He cites in support of his argument *In re Hoffman,* 67 Cal.2d 845 [64 Cal.Rptr. 97, 434 P.2d 353]. *Hoffman* involves a statutory restriction upon First Amendment rights and for that reason is not apposite to the case at bench.

[1]*Great Rabbit War,* (Nov. 1967) Science Digest 62:18-20. *Overbreeding Down Under,* (Nov. 18, 1966) Time 88:120.

[2]*In Hawaii, Face To Face With A Mongoose,* (Feb. 1967) Sunset 138:8.

[3]*New Weapon for Starling Sufferers,* (Jan. 1967) Farm Journal 91:48.

[4]*Florida's Walking Catfish,* (June 1969) National Geographic 135:846.

■ In matters not involving rights protected by the First Amendment to the United States Constitution, the test of validity of an exercise of the police power is its reasonableness in relation to the objective of the legislation. (*Nebbia* v. *New York*, 291 U.S. 502 [78 L.Ed. 940, 54 S.Ct. 505]; *Marshall* v. *Sawyer* (9th Cir. 1962) 301 F.2d 639, 652.) ■ Here the objective of the legislation is the prevention of the introduction of a noxious fish into the waters of California and the consequent harm to existing aquatic life. In view of the history of other species introduced as novelties or pets which have become established in a wild state to the detriment of previously existing wildlife, the action of the Legislature in prohibiting importation of piranha except under limited circumstances must be held to be reasonably adapted to the purpose of the legislation. (See *Johnson* v. *Gentry*, 220 Cal. 231 [30 P.2d 400, 92 A.L.R. 1264].)

## Due Process

■ Appellant contends that the legislation and regulations requiring destruction, shipment outside the state, or contribution to a public aquarium of piranha imported without a permit deprive him of property without due process of law. The contention is without merit.

Our Supreme Court has stated: "If the legislative act is within the police power of the state, . . . the individual . . . affected thereby . . . cannot complain that his property is taken without due process of law or without compensation first paid to him." (*Agricultural Prorate Com.* v. *Superior Court*, 5 Cal.2d 550, 574 [55 P.2d 495].) That court has held that a statute prohibiting the importation of salmon during the closed season of that fish is constitutional. (*Johnson* v. *Gentry*, 220 Cal. 231 [30 P.2d 400, 92 A.L.R. 1264].) It has also held valid a statute prohibiting the sale of deer meat as applied to deer taken outside of California. (*Ex parte Maier*, 103 Cal. 476 [37 P. 402].)

Precedent thus dictates the rejection of appellant's contention. So also does logic. Property rights in wild game and fish are of a limited character. They exist in California only to the extent that they are not limited by legislation whether the fish or game is taken originally within or without the state. (*Takahashi* v. *Fish & Game Com.*, 30 Cal.2d 719, 728 [185 P.2d 805], reversed on other grounds 334 U.S. 410 [92 L.Ed. 1478, 68 S.Ct. 1138]; *Santa Cruz Oil Corp.* v. *Milnor*, 55 Cal.App.2d 56, 62 [130 P.2d 256].) Appellant imported the 140 piranha, which he was ordered to destroy or otherwise dispose of, in violation of the California law. He thus acquired no protectible property right in them.

*Writ of Mandate*

Appellant's brief contains no contention or argument with respect to the, denial of the writ of mandate sought in his second cause of action. The action of the trial court denying the writ must be sustained for that reason.

*Conclusion*

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.