[Civ. No. 13767. Third Dist. Nov. 20, 1973.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS,
Plaintiff and Respondent, v.
ADCO ADVERTISERS, Defendant and Appellant.

508

---

**COUNSEL**

Miller & Ford and Charles J. Miller for Defendant and Appellant.

Harry S. Fenton, Emerson Rhyner, John B. Matheny and Stephen A. Mason for Plaintiff and Respondent.

## OPINION

**JANES, J.**—Plaintiff, acting through its Department of Public Works, filed a complaint for an injunction to compel the removal of a certain outdoor advertising display (hereinafter, "billboard") owned by defendant Air Park Development Co., a corporation, sued herein as Adco Advertisers.[1] Upon plaintiff's motion, the trial court entered a summary judgment which declared that the billboard "is unlawfully placed and is being unlawfully maintained in violation of the Outdoor Advertising Act [Bus. & Prof. Code, § 5200 et seq.[2]]," and which ordered defendant to cease maintaining the billboard, and to remove it forthwith. Defendant appeals from the judgment.

### FACTS

The controlling facts were undisputed on the motion for summary judgment, and were shown by declarations supporting and opposing the motion, as well as by admissions made by defendant in its answer and in response to plaintiff's request for admissions.

Plaintiff department is the state agency responsible for administering and enforcing the Outdoor Advertising Act (hereinafter, "Act"). It exercises that authority through the Outdoor Advertising Section of the Division of Highways. (§ 5250, formerly § 5215.) On September 12, 1967, defendant received from the Outdoor Advertising Section a permit to erect the subject billboard on the east side of State Route 99 at a location 2,000 feet south of Florin Road in Sacramento County. Within two or three weeks thereafter, in full compliance with the permit, the billboard was constructed at the authorized site at a cost to defendant of $3,266.94. The placement of the billboard complied with the Act as it read at the time the billboard was erected.

However, in response to the federal Highway Beautification Act of 1965 (23 U.S.C. § 131), the California Legislature in 1967 enacted various

---

[1]Defendant's answer filed January 4, 1972, admitted ownership of the billboard by failing to deny the allegation of the complaint to that effect. Subsequently, in response to plaintiff's request for admissions, defendant asserted that it had ceased to be the owner as of March 3, 1972, when the billboard was allegedly sold to "Ormand Industries." The court made no findings thereon. Defendant's appellate brief, however, admits ownership.

[2]Unless otherwise indicated, all section references herein are to the Business and Professions Code. We cite relevant code provisions by the section numbers given to them upon the reenactment of the Outdoor Advertising Act in 1970, as amended (see text, *infra*); and, where applicable, we show also the section numbers assigned prior to such reenactment.

amendments and additions to the Outdoor Advertising Act by legislation effective a few weeks after the billboard was constructed. (Stats. 1967, chs. 1252 and 1408, effective Nov. 8, 1967.) Other additions and amendments to the Act followed. (Stats. 1968, chs. 169, 964; Stats. 1969, ch. 1294.) Effective November 23, 1970, the Act was simultaneously repealed and reenacted as part of the Business and Professions Code (Stats. 1970, ch. 991), at which time the code sections which are here determinative were renumbered but not changed in any way significant to this action. There were later additions and amendments to the Act prior to the judgment entered herein on June 7, 1972. (Stats. 1971, ch. 1782.) The 1968 and 1969 legislation has no relevance to the instant case, nor does an amendment of the Act subsequent to judgment (Stats. 1972, ch. 853).

It was in effect conceded by defendant in the trial court, and it is expressly conceded by defendant on this appeal, that the location of the subject billboard—although originally complying with the Act—did not conform with the changes which were subsequently effected in the Act in 1967 and which are still in force. Defendant admitted in its answers to plaintiff's request for admissions, as supplemented by the absence of relevant denials in the answering pleading, that on the effective date of the 1967 legislation (Nov. 8, 1967), and at all times thereafter, the billboard was located within 660 feet of the edge of the right of way of a federal-aid primary highway (State Route 99) from which the advertising copy on the billboard was visible; that, at all such times, the billboard was located within 500 feet of another outdoor advertising display on the same side of the highway;[3] and that certain statutory exceptions were factually inapplicable. The same facts were substantially reiterated in plaintiff's supporting declarations.

As a consequence of these agreed facts, it is manifest that the location of the billboard did not conform with the Act on and after November 8, 1967.[4] (§ 5405, subd. (a), formerly § 5288, subd. (b); § 5408, subd. (d),

[3]The latter display, also owned by defendant, was erected pursuant to a permit granted June 22, 1967.

[4]The statutory prohibition against placing an outdoor advertising display within 500 feet of another one on the same side of an interstate or primary highway applies only if such highway "is a freeway." (§ 5408, subd. (d), formerly § 5288.1b, subd. (d).) On the motion for summary judgment, there was no showing of the latter fact. We assume in support of the judgment that the trial court—situate in Sacramento County—judicially noticed that State Route 99, at the site in that county involved in this action, is and was at all relevant times a freeway. Moreover, defendant does not challenge the omission of any showing of freeway status; indeed, defendant's appellate brief expressly concedes that "[u]nder section 5408(d) of the Act the sign became non-conforming because it was within 500 feet of another advertising display . . . ."

formerly § 5288.1b, subd. (d).) Defendant's appellate brief concedes such to be the case, and defendant further concedes that, pursuant to the Act (§ 5410, formerly § 5288.2a), such noncompliance made the billboard "subject to removal on or after July 1, 1970. . . ."

The permit for the billboard was canceled as of July 1, 1970. Defendant refused the demand of plaintiff department that the billboard be removed. Plaintiff filed suit on November 5, 1971. At the time of the motion for summary judgment (the spring of 1972), the billboard had an economic value of $5,160; it had a remaining useful life of at least 40 years with normal repairs, but could not be relocated; it was being amortized over a 10-year period pursuant to regulations of the Commissioner of Internal Revenue; and it would not be fully amortized until September 1977. Removal costs would be approximately $600.

## CONTENTIONS

### 1. *Alleged Triable Issues of Fact*

■ Defendant contends in its appellate brief that there is a triable issue of fact as to whether the billboard "is a nuisance. . . ." The contention plainly lacks merit. The Act provides that "All advertising displays which are placed or which exist in violation of the provisions of [the Act] are *public nuisances* and may be removed by any public employee as further provided in [the Act]." (§ 5461, formerly § 5311.) (Italics added.)[5] The controlling facts being undisputed, it follows that the billboard is a public nuisance as a matter of law.

Defendant also asserts that there is a triable issue of fact as to "[w]hether plaintiff has an adequate remedy at law or whether it will suffer irreparable injury." This point likewise fails as a matter of law. Civil Code section 3491 provides that "The remedies against a public nuisance [include] . . . Abatement." As was pointed out in *L. A. Brick etc. Co.* v. *City of Los Angeles* (1943) 60 Cal.App.2d 478, at page 486 [141 P.2d 46], "injunction is the traditional method of abating a nuisance." ■ A legislatively declared public nuisance constitutes a nuisance per se against which an injunction may issue without allegation or proof of irreparable injury.

---

[5] As previously stated, the judgment in the instant case *ordered defendant* to remove the billboard, rather than permitted plaintiff department to do so. Defendant does not question the trial court's authority to put the owner of an advertising display to such expense where the display does not comply with the Act.

(*L. A. Brick etc. Co.* v. *City of Los Angeles, supra; McClatchy* v. *Laguna Lands Limited* (1917) 32 Cal.App. 718, 725 [164 P. 41].)

Without argument or citation of authority, defendant's brief further contends that there is a triable issue of fact as to "[w]hether the attempted taking is in violation of defendant's right under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 14, of the Constitution of the State of California . . . ." This is an apparent reiteration of the allegation in defendant's answer that "the removal of said sign would constitute the taking of defendant's property for public use without fair compensation . . . ." The contention is unavailing.

■ At least insofar as its provisions are here relevant, the Act constitutes a valid exercise of the police power of the state. (See, § 5226, formerly § 5288, subd. (a); *Bohannan* v. *City of San Diego* (1973) 30 Cal.App.3d 416, 423 [106 Cal.Rptr. 333]; *Carlin* v. *City of Palm Springs* (1971) 14 Cal.App.3d 706, 712 [92 Cal.Rptr. 535]; *National Advertising Co.* v. *County of Monterey* (1962) 211 Cal.App.2d 375, 377 [27 Cal. Rptr. 136]; *Opinion of the Justices* (1961) 103 N.H. 268 [169 A.2d 762]; *Ghaster Properties, Inc.* v. *Preston* (1964) 176 Ohio St. 425, 433-438 [27 Ohio Ops.2d 388, 200 N.E.2d 328, 335-337]; *Kelbro, Inc.* v. *Myrick* (1943) 113 Vt. 64, 70 [30 A.2d 527, 530]; *Markham Advertising Co.* v. *State* (1968) 73 Wn.2d 405, 420-427 [439 P.2d 248, 258-261].)

"Regulations regarding and restrictions upon the use of property in an exercise of the police power for an authorized purpose, do not constitute the taking of property without compensation or give rise to constitutional cause for complaint." (*Bohannan* v. *City of San Diego, supra,* 30 Cal. App.3d at p. 423; see also, § 5412, formerly § 5288.3a; *House* v. *L. A. County Flood Control Dist.* (1944) 25 Cal.2d 384, 388 [153 P.2d 950]; *Adams* v. *Shannon* (1970) 7 Cal.App.3d 427, 435 [86 Cal.Rptr. 641]; *Opinion of the Justices, supra,* 103 N.H. at p. 271 [169 A.2d at p. 764]; *Ghaster Properties, Inc.* v. *Preston, supra,* 176 Ohio St. at pp. 430-431 [200 N.E.2d at p. 333]; *Kelbro, Inc.* v. *Myrick, supra,* 113 Vt. at pp. 66, 71 [30 A.2d at pp. 528, 531]; *Markham Advertising Co.* v. *State, supra,* 73 Wn.2d at p. 427 [439 P.2d at p. 261].)[6]

---

[6]Inasmuch as the Act is an application of the police power, rather than the power of eminent domain, it is unnecessary for us to assess plaintiff's argument that defendant is not exercising any property right (in public highways) when it engages in outdoor advertising, and thus is not subjected to an unconstitutional taking without just compensation. (See, *Ghaster Properties, Inc.* v. *Preston, supra,* 176 Ohio St. at pp. 431-432, 442 [200 N.E.2d at pp. 333-334, 340]; *Kelbro, Inc.* v. *Myrick, supra,* 113 Vt. at pp. 67-70 [30 A.2d at pp. 529-530].)

## 2. Reasonableness of Amortization Period

As heretofore mentioned, by virtue of an addition to the Act effective November 8, 1967, defendant's nonconforming billboard was not required to be removed until July 1, 1970. (§ 5410, formerly § 5288.2a.) Relying upon *National Advertising Co.* v. *County of Monterey* (1970) 1 Cal.3d 875 [83 Cal.Rptr. 577, 464 P.2d 33], defendant contends that the "amortization" period thus allowed by the Act (nearly two years and eight months) is unreasonably short as applied to defendant's billboard, and, for that reason, denies defendant due process of law.

■ The contention fails. In the *Monterey* case, *supra,* 1 Cal.3d 875, the state Supreme Court held that a provision in a county zoning ordinance, which allowed a one-year "amortization" period for removal of nonconforming advertising signs, was unreasonable as applied to billboards which had not yet been fully amortized under rules of the Internal Revenue Service. The court did not attempt to fix a reasonable time within which removal should be delayed, merely stating that "removal should await expiration of a reasonable amortization period in order to permit plaintiff to recover [the billboards'] original cost." (*Id.* at p. 880.) (Fn. omitted.) In the instant case, however, where the removal period provided by the Act is over twice as long as that in *Monterey,* defendant offers no argument to support its bare conclusion that the *Monterey* decision shows the period allowed by the Act to be unreasonably short.

Moreover, there is a fundamental difference between the Act involved in the present case and the zoning ordinance involved in *Monterey:* the Act declares nonconforming displays to be *public nuisances* (§ 5461, formerly § 5311)—whereas no similar characterization was given to nonconforming uses by the ordinance in *Monterey.* Within reasonable limits, the Legislature has the power to declare certain uses of property to be public nuisances. (*McClatchy* v. *Laguna Lands Limited, supra,* 32 Cal.App. at p. 725.) The reasonableness of such declaration in the Act was unassailed by defendant in the trial court, and is unchallenged in defendant's appellate brief. Subject to constitutional barriers against unreasonable or arbitrary action, the Legislature may declare a pre-existing use to be a public nuisance and may forbid it without providing an amortization period. (See, *City of Escondido* v. *Desert Outdoor Advertising, Inc.* (1973) 8 Cal.3d 785, 790 [106 Cal.Rptr. 172, 505 P.2d 1012]; *Livingston Rock etc. Co.* v. *County of L. A.* (1954) 43 Cal.2d 121, 127-128 [272 P.2d 4]; *Jones* v. *City of Los Angeles* (1930) 211 Cal. 304, 316 [295 P. 14]; *McCaslin* v. *City of Monterey Park* (1958) 163 Cal.App.2d 339, 346-347 [329 P.2d

522]; *Ghaster Properties, Inc.* v. *Preston, supra,* 176 Ohio St. at pp. 440-442 [200 N.E.2d at pp. 339-340]; *Markham Advertising Co.* v. *State, supra,* 73 Wn.2d at pp. 425-426 [439 P.2d at pp. 260-261].)

The judgment is affirmed.

Richardson, P. J., and Friedman, J., concurred.