[Civ. No. 33713. First Dist., Div. Four. Aug. 26, 1974.]

WILLIAM ROBINSON, JR., Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Respondents.

### COUNSEL

Severson, Werson, Berke & Melchior, Kurt W. Melchior and Jan T. Chilton for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Philip S. Ward, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.**—William Robinson, Jr., appeals from a summary judgment dismissing his complaint for false arrest.

Adolph Pippus operated a limousine rental service. In June 1967, Pippus' services were retained for three days by Harold Cunningham, who called himself "Smokey Robinson," impersonating an entertainer who used that stage name. Because Cunningham did not pay Pippus for his services, Pippus caused a criminal complaint to be filed in May 1968, charging that "Harold Cunningham also known as 'Smokey Robinson'" refused to pay a "legal fare for a public passenger vehicle for hire."

Respondent Toomey, a police officer of the City of San Francisco, and another police officer went with the arrest warrant to a night club at which appellant, using the stage name "Smokey Robinson," was performing. The officers, after observing appellant's act, concluded that he was the person named in the arrest warrant and in an accompanying identification memorandum. When the officers approached appellant with the arrest warrant, he denied being "Harold Cunningham," but admitted being "Smokey Robinson"; appellant offered to show the officers identification—driver's license, credit cards, draft card, Social Security card, etc.—to prove that he was not the individual named by the warrant, but the officers arrested him anyway. Respondent Toomey stated that appellant had been arrested on the basis of his being identified as "Smokey Robinson," and that no attempt had been made to determine if appellant was "Harold Cunningham."

The criminal case went to trial on June 25, 1968. Evidence was admitted that Harold Cunningham was not the same person as appellant, and that Harold Cunningham and not appellant hired Pippus. Appellant was found not guilty of the criminal charge arising from Pippus' complaint.

A police officer is immune from liability for false arrest if, while acting pursuant to a warrant, he effects the arrest without malice and *in the reasonable belief* that the person arrested was the one named in the warrant. (Civ. Code, § 43.5(a).) There is no allegation of malice on the part of the arresting officers, but appellant disputes the reasonableness of their belief that appellant was the person named in the warrant in light of their refusal of his offer of identification. Appellant contends that the question of the reasonableness of the police officers' belief that appellant was the person named in the arrest warrant presented a question of fact that should have been allowed to go to the jury.

■ Summary judgment may be rendered only when no triable issue of fact is presented. (See Code Civ. Proc., § 437c.) If any triable issue of fact exists, it is error for the trial court to grant a party's motion for summary judgment (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *R. D. Reeder Lathing Co.* v. *Allen* (1967) 66 Cal.2d 373, 376 [57 Cal.Rptr. 841, 425 P.2d 785]). ■ By granting respondents' motion for summary judgment, the trial court determined that no factual issue existed. However, the "reasonableness" of an act has often been held to present a triable issue of fact. (*R. D. Reeder Lathing Co.* v. *Allen, supra,* 66 Cal.2d 373, 380; *Laird* v. *T. W. Mather, Inc.* (1958) 51 Cal.2d 210, 215-216 [331 P.2d 617]; *Barker* v. *Wah Low* (1971) 19 Cal.App.3d 710, 721, 723 [97 Cal.Rptr. 85]; *Curreri* v. *City etc. of San Francisco* (1968) 262 Cal.App. 2d 603, 609-610, 611, 613-614 [69 Cal.Rptr. 20].)

Respondents rejoin that the reasonableness of the officers' belief presents a question of law, citing *Aitken* v. *White* (1949) 93 Cal.App.2d 134 [208 P.2d 788], and *Roberson* v. *J. C. Penney Co.* (1955) 136 Cal.App.2d 1 [288 P.2d 275]. Both cases are to be distinguished because the issues therein concerned the existence of *probable cause* to make a warrantless arrest (*Aitken*), or to detain an individual (*Roberson*); probable cause is a question for the court, not the jury. The tort standard of "reasonableness" presents a different question from the criminal standard of "probable cause." Where evidence is fairly subject to more than one interpretation, the question of *reasonableness* is a triable factual issue for the jury to decide.

The issue of reasonableness is not raised by the mere allegation by appellant that his arrest was unreasonable, but by the particular facts of this case. The declarations showed that (1) appellant was brought to the attention of the arresting officers *solely* due to his stage name being the same as the alias used by the person named in the arrest warrant, (2) appellant offered to prove his identity immediately upon being presented with the warrant, and (3) the police officers did not consider any of the proffered identification when making the arrest. From these facts, it is clear that a jury might reasonably conclude either that the officers' belief that they were actually arresting the person named in the warrant *was* reasonable or that the belief *was not* reasonable. The affidavits and declarations fail to compel

any single conclusion on the issue of "reasonable belief." Therefore, it was error for the trial court to render summary judgment for respondents.

The judgment is reversed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied September 25, 1974, and respondents' petition for a hearing by the Supreme Court was denied October 24, 1974.