[Civ. No. 35888. First Dist., Div. Four. June 26, 1975.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS,
Plaintiff and Appellant, v.
GOLDEN RULE CHURCH ASSOCIATION,
Defendant and Respondent.

774

## COUNSEL

Harry S. Fenton, Emerson Rhyner, Stephen A. Mason and Ronald W. Beals for Plaintiff and Appellant.

Howard B. Crittenden, Jr., for Defendant and Respondent.

## OPINION

KEANE, J.*—Plaintiff, acting by and through its Department of Public Works, now known as the Department of Transportation, filed a complaint against defendant Golden Rule Church Association for injunctive relief to compel removal of an advertising billboard allegedly displayed in violation of the Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.) and for declaratory relief. The trial court found that the sign was lawfully in place prior to the effective date of the Outdoor Advertising Act and entered judgment for the Golden Rule Church Association. Plaintiff appeals from the judgment.

Defendant owns a billboard located adjacent to State Route 101, a primary highway. The billboard is within 660 feet from the edge of the right-of-way of Route 101, and its advertising message is visible from the highway. The sign was erected prior to October 22, 1965. It is not in a "business area" as that term is defined in Business and Professions Code section 5205. The County of Mendocino issued a permit for the advertising display, but a state outdoor advertising permit was not obtained by defendant until May 4, 1966.

Plaintiff contends that the billboard does not conform to the provisions of the Outdoor Advertising Act which makes it subject to removal at any time after July 1, 1970.

*Assigned by the Chairman of the Judicial Council.

In response to the federal Highway Beautification Act of 1965 (23 U.S.C. § 131), the California Legislature enacted various amendments and additions to the Outdoor Advertising Act. (Bus. & Prof. Code, § 5200 et seq.; Stats. 1967, ch. 1408, p. 3306.) Subject to certain exceptions inapplicable here (see, e.g., Bus. & Prof. Code, §§ 5405, 5408), the act applies to displays erected within 660 feet of the edge of a right-of-way of, and the copy of which is visible from, a primary highway. (Bus. & Prof. Code, § 5271.) Business and Professions Code section 5410 states that any such display which "was lawfully maintained in existence on the effective date of this section but which was not on that date in conformity with the provisions of this article, may be maintained, and shall not be required to be removed until July 1, 1970."[1]

The evidence clearly establishes that on November 8, 1967, the advertising display on the billboard was visible from Route 101, that the sign was within 660 feet of the right-of-way of the highway, and that no statutory exceptions were applicable. Consequently, it is manifest that the sign was not in conformity with the Outdoor Advertising Act, and such noncompliance subjects the billboard to removal at any time after July 1, 1970. (See *People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers* (1973) 35 Cal.App.3d 507, 510-511 [110 Cal.Rptr. 849].) The failure of defendant's appellate brief to deal with this issue virtually concedes that such is the case.

■ Next plaintiff maintains that defendant is not entitled to payment of compensation after removal of the billboard. Although no claim has been filed as provided for in Business and Professions Code section 5288.3b (now renumbered § 5413), it is appropriate to consider the question of compensation because of the declaratory relief allegations contained in plaintiff's complaint. The uncontradicted evidence establishes, and the trial court found, that defendant did not obtain a state outdoor advertising permit for the billboard until May 4, 1966. Business and Professions Code section 5260 (renumbered as Bus. & Prof. Code, § 5350 in 1970) has provided since 1939 that "No person shall place any advertising display within the areas affected by the provisions of this chapter in this state without first having secured a written permit from the director or from his authorized agent." Since the sign was not authorized by a written permit on October 22, 1965, as required by

---

[1]Since the Legislature did not provide that the 1967 amendments were to take effect immediately, the effective date of section 5410 was November 8, 1967. (See Stats. 1967, p. A-3.)

section 5260, it was not "lawfully in existence" on that date. We conclude, therefore, that the sign may be removed without payment of compensation.

■ Defendant argues, citing *Varney & Green* v. *Williams* (1909) 155 Cal. 318 [100 P. 867], and *City of Santa Barbara* v. *Modern Neon Sign Co.,* (1961) 189 Cal.App.2d 188 [11 Cal.Rptr. 57], that injunctive relief will not lie to compel the removal of billboards for aesthetic considerations. The Legislature has provided, however, that "All advertising displays which are placed . . . in violation of [the Outdoor Advertising Act] are public nuisances . . . ." (Bus. & Prof. Code, § 5311 [now Bus. & Prof. Code, § 5461].) It was within the police power of the state to declare nonconforming billboards as public nuisances and to authorize injunctive relief for their removal. (Civ. Code, § 3491; *People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers, supra,* 35 Cal.App.3d at pp. 511-512.)

■ Finally, defendant asserts that the relief sought should be denied because the state has enforced the Outdoor Advertising Act in a discriminatory fashion, citing *Yick Wo* v. *Hopkins* (1886) 118 U.S. 356 [30 L.Ed. 220, 6 S.Ct. 1064]. However, the evidence indicates that the state has instituted legal proceedings against the owners of all nonconforming displays along Highway 101 in Mendocino County. Even if it were assumed that other known violators have not been prosecuted, this factor alone would not establish the existence of illegal discrimination. There must also be a showing of clear and intentional discrimination. (*City of Banning* v. *Desert Outdoor Advertising, Inc.* (1962) 209 Cal.App.2d 152, 155 [25 Cal.Rptr. 621].) No such showing was made here.

The judgment is reversed with directions to enter judgment for plaintiff.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied July 15, 1975, and respondent's petition for a hearing by the Supreme Court was denied August 20, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.