[Civ. No. 15301. Fourth Dist., Div. Two. June 11, 1976.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Respondent, v.
HADLEY FRUIT ORCHARDS, INC., Defendant and Appellant.

---

---

## COUNSEL

Reid, Babbage & Coil and Donald F. Powell for Defendant and Appellant.

Harry S. Fenton, Emerson Rhyner, Stephen A. Mason and Ronald W. Beals for Plaintiff and Respondent.

---

## OPINION

KAUFMAN, J.—The State of California acting by and through the Department of Transportation (hereinafter "Department") initiated this action to compel defendant Hadley Fruit Orchards, Inc. (hereinafter "Hadley") to remove seven outdoor advertising displays (billboards) pursuant to the Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.) and for a declaration that Hadley was not entitled to compensation for the removal of its billboards. The trial court granted summary judgment enjoining Hadley to remove its billboards and declaring Hadley entitled to compensation for three of the billboards but not for the other four. Hadley appeals from the summary judgment contending that, at least in part, the Outdoor Advertising Act is unconstitutional and that the record discloses several triable issues of fact.

With exceptions not here pertinent, section 5405 of the Business and Professions Code[1] prohibits the maintenance of outdoor advertising displays within 660 feet of the edge of the right-of-way of any interstate highway if the copy on the display is visible from the highway. All advertising displays in violation of the act are declared to be public nuisances subject to removal by any public employee. (§ 5461 [formerly § 5311 (Stats. 1939, ch. 32, § 1, p. 338)].) Nonconforming billboards adjacent to any "penalty segment"[2] which were lawfully "maintained in existence" on November 8, 1967, are removable after July 1, 1970. (§ 5410.)

Section 5408 contains an exception to the general prohibition. With certain restrictions not here pertinent, an otherwise conforming billboard may be maintained within the proscribed area if it is located within a "business area." " 'Business area' means an area within 1,000 feet, measured in each direction, from the nearest edge of a commercial or industrial building or activity and which is zoned under authority of state law primarily to permit industrial or commercial activities or an unzoned commercial or industrial area." (§ 5205.)

Sections 5412, 5413 and 5414 provide for compensation to the owner of each outdoor advertising display lawfully in existence on October 22, 1965, *after removal* as ordered by Department on or after November 8, 1967. With exceptions not here pertinent, Department is not required to pay compensation for the removal of other nonconforming billboards.

It is undisputed that Hadley's seven billboards are within 660 feet of the right-of-way of a "penalty segment" of Interstate Highway 10 and that the copy thereon is visible from the highway. The questions are: (1) Is the compensation scheme provided for in sections 5412, 5413 and 5414 constitutional; (2) if so, are Hadley's billboards within a "business area" and not, therefore, subject to removal and, if not, (3) were Hadley's billboards lawfully in existence on October 22, 1965, entitling Hadley to compensation for their removal? We have concluded that that portion of

---

[1] Hereinafter all references to code sections are to the Business and Professions Code unless otherwise indicated.

[2] " 'Penalty segment' means any segment of a highway located in this state which was not covered by the Federal Aid Highway Act of 1958 and the Collier-Z'berg Act but which is covered by the Highway Beautification Act of 1965, namely, any segment of an interstate highway which is constructed upon right-of-way, any part of the width of which was acquired prior to July 1, 1956, and any segment of a primary highway." (§ 5218.)

the act attacked as unconstitutional is not and that, on the record before us, each of questions (2) and (3) presents a triable issue of fact. Accordingly, the summary judgment must be reversed.

*Constitutionality*

■ Hadley contends that that portion of the Outdoor Advertising Act which provides for payment of compensation only *after* the removal of a billboard (see §§ 5412, 5413 and 5414) is unconstitutional because it constitutes a taking without *prior* payment. It is true, of course, that article I, section 19 (formerly art. I, § 14) of the California Constitution provides for the payment of compensation or its deposit in court prior to a governmental taking. Nevertheless, Hadley's claim of unconstitutionality is not well founded.

Hadley confuses a forced removal under the police power of the state with a taking by the state under the power of eminent domain. The forced removal of nonconforming outdoor advertising displays prescribed by the Outdoor Advertising Act is a valid exercise by the state of its police power. (*People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers,* 35 Cal.App.3d 507, 512 [110 Cal.Rptr. 849], and authorities there cited.) " 'Regulations regarding and restrictions upon the use of property in an exercise of the police power for an authorized purpose, do not constitute the taking of property without compensation or give rise to constitutional cause for complaint.' " (*People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers, supra,* and authorities there cited.) Moreover, nonconforming outdoor advertising displays are, as previously noted, declared by the act to be public nuisances subject to removal by any public employee. (§ 5461 [formerly § 5311 (Stats. 1939, ch. 32, § 1, p. 338)].) The abatement of a public nuisance pursuant to a reasonable exercise of the police power does not require the payment of compensation at all. (Cf. *People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers, supra,* 35 Cal.App.3d at p. 513; also cf. *Miller* v. *Schoene,* 276 U.S. 272, 277, 279 [72 L.Ed. 568, 570, 571, 48 S.Ct. 246]; *O'Hara* v. *L. A. County Flood etc. Dist.,* 19 Cal.2d 61, 63 [119 P.2d 23].) Since compensation is not constitutionally required, a statutory scheme for the payment of just compensation *following* removal is constitutional.

*"Business Area"*

■ In support of its motion for summary judgment Department filed the declaration of Michael E. Varvil, a highway outdoor advertising

inspector responsible for inspections in Riverside County. Mr. Varvil averred that he personally inspected Hadley's seven billboards, "personally determined that none of these displays are located in the area of Riverside County zoned primarily for industrial or commercial activities," and "personally determined that there is no industrial or commercial building or activity within 1,000 feet of any of these displays."

In opposition to the motion for summary judgment Hadley filed the declaration of Walter Alf, the general manager of Hadley Fruit Orchards, Inc. After reciting that he has personal knowledge of the location, construction and history of the seven billboards and that he could competently testify to the matters contained in the declaration, Mr. Alf averred: "All seven (7) billboards are located within 1,000 feet of a commercial activity and exist within an area zoned under the authority of the State of California primarily to permit industrial or commercial activities."

Department contends that the averments of Mr. Varvil are sufficient to establish that Hadley's billboards are not in a "business area" but that Mr. Alf's averments to the contrary are nothing but conclusions of law and are therefore incompetent to contravene the averments of Mr. Varvil. On the contrary, insofar as competence is concerned, we find the averments of Mr. Varvil and Mr. Alf to be substantially the same. We need not decide whether they are competent or not. We decide only that if the averments of the one are incompetent, so are those of the other. On the other hand, if the averments of Mr. Varvil are competent so are those of Mr. Alf. The question whether Hadley's billboards are within a "business area" is a question of fact and either the declarations of Mr. Varvil and Mr. Alf are in direct conflict on this question or the averments in both declarations are only incompetent conclusions and both must be disregarded. In either event there is presented a triable issue of material fact. When a triable issue of fact is presented, summary judgment is inappropriate. (Code Civ. Proc., § 437c; *Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.,* 4 Cal.3d 842, 851 [94 Cal.Rptr. 785, 484 P.2d 953]; *Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *People* v. *Rath Packing Co.,* 44 Cal.App.3d 56, 61 [118 Cal.Rptr. 438]; *Robinson* v. *City and County of San Francisco,* 41 Cal.App.3d 334, 337 [116 Cal.Rptr. 125].)

*Right to Compensation*

■ If an outdoor advertising display was "lawfully in existence" on October 22, 1965, its owner is entitled to compensation for removal ordered by Department on or after November 8, 1967. (§ 5412, subd. (a).) In support of its motion for summary judgment, Department filed the declaration of Leonard Barr, chief of the outdoor advertising section of the Department of Transportation. Mr. Barr averred: "Under Business and Professions Code Section 5350, no outdoor advertising display can be legally in place along those sections of highway covered by the jurisdiction of the Outdoor Advertising Act until a permit has been obtained from my office for such display."[3] Thereafter, attaching photocopies of the applications and permits for the seven billboards at issue, Mr. Barr avers that two permits (numbered 610 and 611) were issued prior to September 22, 1960, that one permit (numbered 619) was issued in 1963 but that application for a permit for that particular billboard was made prior to September 22, 1960, but that the remaining four (numbered 614, 615, 616 and 618) were all applied for and issued after September 22, 1960, to wit, in November 1960, and May 1963.

In the declaration of Walter Alf, the general manager of Hadley Fruit Orchard, Inc., Mr. Alf avers: "All of the subject billboards were legally in place as of September 22, 1960."

Apparently Department takes the position that, although a nonconforming billboard might have been in actual existence on October 22, 1965, it was not "lawfully in existence" within the meaning of section 5412, subdivision (a) unless a permit had been issued therefor pursuant to section 5350 and its statutory predecessor (see fn. 3, *ante*). This position was upheld in *People* ex rel. *Dept. Pub. Wks.* v. *Golden Rule Church Assn.*, 49 Cal.App.3d 773, 776-777 [122 Cal.Rptr. 596]. However, in the *Golden Rule* case the permit was not issued until after October 22, 1965, to wit, May 4, 1966 (49 Cal.App.3d at p. 776). Here, by contrast, the attachments to Mr. Barr's declaration establish that all of the permits for Hadley's billboards were issued prior to October 22, 1965, the latest

---

[3]Section 5350 reads: "No person shall place any advertising display within the areas affected by the provisions of this chapter in this state without first having secured a written permit from the director or from his authorized agent."

This section was enacted in 1970 (Stats. 1970, ch. 991, § 2, p. 1771) and cannot affect the question whether a billboard was "lawfully in existence" on October 22, 1965. However section 5350 was derived from former section 5260 enacted in 1939 (Stats. 1939, ch. 32, § 1, p. 335) which was identical in language to the present section 5350.

having been issued in 1963. Thus, actually, the applications and permits attached to Mr. Barr's declaration show that all seven of Hadley's billboards were in existence and that permits therefor were in effect on or prior to October 22, 1965, the crucial date in section 5412, subdivision (a).

Although not spelled out in Department's brief on appeal, we have gleaned from its points and authorities filed in the trial court that Department relies upon a rather ingenious theory to support its contention that four of Hadley's billboards were not "*lawfully* in existence" (italics added) on the crucial date. This theory also explains the preoccupation of both Mr. Barr and Mr. Alf with the date September 22, 1960, rather than October 22, 1965, as would be expected. Department's theory revolves around Riverside County Ordinance No. 348 enacted in 1960 as an amendment to the Riverside County Zoning Ordinance. Riverside County Ordinance No. 348 purported to establish a new zone designated M-3 (REGULATED INDUSTRIAL) encompassing "[a]ll the unincorporated territory of the County which is not included under the terms of this ordinance in any other zone . . . ." With exceptions not here pertinent, outdoor advertising signs were prohibited in the M-3 zone. The effective date of the ordinance was apparently September 22, 1960, and it is apparently the position of Department that, unless a billboard was in lawful existence, i.e., unless a valid permit had been issued therefor, on or before September 22, 1960, no such billboard could be "lawfully in existence" on October 22, 1965.

Department's theory contains a fatal flaw. Riverside County Ordinance No. 348 did not prohibit in zone M-3 billboards not in *lawful* existence on September 22, 1960. It concerned itself with "uses *existing* on the effective date of this ordinance." Thus, the ordinance concerned itself with actual existence, not lawful existence. While the failure to obtain a required permit may be conclusive evidence that a billboard was not "lawfully in existence" within the meaning of section 5412, subdivision (a) (*People* ex rel. *Dept. Pub. Wks.* v. *Golden Rule Church Assn., supra,* 49 Cal.App.3d at pp. 776-777), the failure to obtain a required permit does not prove conclusively that a billboard was not in *actual* existence prior to the date on which a permit was subsequently acquired. Thus the attachments to Mr. Barr's declaration do not conclusively establish that the four Hadley billboards in question were not in actual existence on September 22, 1960. As previously noted, Mr. Alf averred in his declaration: "All of the subject billboards were legally in place as of

September 22, 1960." ▮ While this averment may be somewhat conclusional, especially as to the word "legally," the declarations of a party resisting summary judgment are liberally construed (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc., supra,* 4 Cal.3d at pp. 851-852; *Stationers Corp.* v. *Dun & Bradstreet, Inc., supra,* 62 Cal.2d at p. 417; *People* v. *Rath Packing Co., supra,* 44 Cal.App.3d at p. 62), and it is the burden of a party seeking summary judgment to show that he is entitled to judgment (*People* v. *Rath Packing Co., supra,* 44 Cal.App.3d at p. 61; *Schroeter* v. *Lowers,* 260 Cal.App.2d 695, 699 [67 Cal.Rptr. 270]). The declaration of Mr. Barr did not conclusively show that the four billboards in question were not "lawfully in existence" on October 22, 1965. Indeed, the attachments thereto show the contrary.

The summary judgment is reversed.

Gardner, P. J., and Tamura, J., concurred.