[L.A. No. 30061. In Bank. Feb. 6, 1973.]

CITY OF ESCONDIDO, Plaintiff and Respondent, v. DESERT OUTDOOR ADVERTISING, INC., et al., Defendants and Appellants.

## COUNSEL

Swing, Scharnikow, Lewis & Kroll and David K. Kroll for Defendants and Appellants.

Kenneth Lounsbery, City Attorney, Vincent F. Biondo, Jr., Assistant City Attorney, Walker, Gann & Leach and Roy H. Gann for Plaintiff and Respondent.

Broad, Khourie & Schulz, John W. Broad, John R. Stokes, City Attorney (Arcata), Saul M. Weingarten, City Attorney (Gonzales), Gene Axelrod, City Attorney (La Verne), John R. Sherman, City Attorney (Pacifica), James F. Ford, City Attorney (Red Bluff), Edward Taylor, City Attorney (Redlands), D. E. Schricker, City Attorney (Redwood City), James S. Okazaki, City Attorney (San Juan Capistrano), Richard L. Knickerbocker, City Attorney (Santa Monica), and Raymond C. Clayton, City Attorney (Thousand Oaks), as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**BURKE, J.**—In this case we are asked to decide whether, under applicable law as it existed in 1965, a general law city could regulate the placement of signs and billboards along freeways without the necessity of complying with the law governing the adoption of zoning ordinances.

 City of Escondido ("City"), a general law city, asserts that Government Code section 38774[1] authorized cities to regulate the placement of such signs and billboards by the enactment of an ordinance adopted in the manner prescribed for the adoption of ordinances generally.[2] Defendants,

---

[1]Section 38774, contained in an article of the Government Code pertaining to "Nuisances," provides that "The legislative body [of a city] may:

"(a) Regulate the exhibition, posting, or carrying of banners, placards, posters, cards, pictures, signs, or advertisements in or on the street, or on or upon buildings, fences, billboards, or other structures; or on or upon any pole in any sidewalk, alley, street, lane, court, park, or other public place.

"(b) Regulate the suspension of banners, flags, signs, advertisements, posters, pictures, or cards across, or over any sidewalk, alley, street, lane, court, park, or other public place, or such suspension from fences, poles, houses, or other structures."

Other sections of the article permit a city to declare by ordinance what constitutes a nuisance (§ 38771), to provide for the summary abatement of any nuisance (§ 38773), and to "prohibit and prevent encroachments upon or obstruction in or to any sidewalks, street, alley, lane, court, park, or other public place and provide for the removal of such encroachment or obstruction." (§ 38775.)

[2]See Government Code section 36931 et seq.

an outdoor advertising company and property owners on whose land the billboard at issue is located, assert instead that former Government Code section 65800,[3] in effect when City's ordinance was enacted, required that regulation of the placement of signs and billboards along freeways be done only by the enactment of a zoning ordinance adopted in the manner required by law for the regulation of the uses to which private property may be put. We have concluded that City's ordinance was authorized by the provisions of section 38774, and that compliance with zoning law procedures was therefore unnecessary.

City's ordinance was enacted on June 23, 1965 and took effect on July 23, 1965. That ordinance, entitled "Freeway Sign Control," prohibits the placing or maintaining of advertising signs, structures, or displays on property adjacent to freeways and declares that the placement or maintenance of advertising displays on such property (following a three-year grace period) is a nuisance.[4] City admits that the ordinance was not enacted in accordance with the procedural requirements for the enactment of zoning ordinances but asserts that it was properly adopted under the procedures for the enactment of general city ordinances under City's police power.[5]

---

[3]Former section 65800 provided that "Pursuant to the provisions of this chapter ["zoning regulations"], the legislative body of any county or city by ordinance may:
"(a) Regulate the use of buildings, structures, and land as between agriculture, industry, business, residence and other purposes.
"(b) Regulate location, height, bulk, number of stories, and size of buildings and structures; the sizes of yards, courts and other open spaces; the percentage of a lot which may be occupied by a building or structure. . . ."
In 1965, following the enactment of City's ordinance, section 65850 was adopted, with substantially identical language as former section 65800, but including as new subdivision (b) the words "Regulate signs and billboards." Therefore, the new section expressly includes signs and billboards within the type of structures which could be regulated by a zoning ordinance.
Thereafter, in 1967, section 5288.7 was added to the Business and Professions Code as part of the so-called "Outdoor Advertising Act." That section, now renumbered as section 5230, permits cities and counties to enact ordinances "including, but not limited to, land use or zoning ordinances, imposing restrictions on advertising displays [which would include signs and structures, under § 5202] adjacent to any street, road, or highway equal to or greater than those imposed by this chapter." Therefore, in spite of the expansion of the Planning and Zoning Law to include regulation of signs and billboards by zoning laws (Gov. Code, § 65850, subd. (b)), cities appear to retain, under section 5230 of the Business and Professions Code, authority to regulate such matters by general ordinance. Note, however, that section 5230 and other provisions of the Outdoor Advertising Act apply only to a limited extent to advertising displays in incorporated areas. (Bus. & Prof. Code, § 5271.)

[4]City's ordinance also exempts from its provisions any advertising display which offers for sale or lease the property upon which the display stands, which designates the name of the property owner or identifies the property, or which advertises the business conducted on the property.

[5]The constitutional authority of a general law city such as plaintiff is limited to the enactment of ordinances "not in conflict with general laws." (Former Const., art. XI,

The trial court found that the signboard violated the ordinance and ordered that it be removed within 90 days. Defendants have appealed the adverse judgment. In essence, defendants contend that Government Code section 38774 does not authorize a city to regulate the erection, maintenance or location of signboards but only the exhibition and posting of advertisements on such signboards. In other words, defendants would restrict the application of section 38774 to the placement of advertisements on signboards, and not to the placement of signboard structures on property adjacent to public streets. ■ We believe, however, that defendants' interpretation of section 38774 is too narrow, and that the section would authorize the regulation of signboard structures which, by reason of their proximity to a freeway, have been declared to be nuisances.

Section 38774 grants cities the authority to ". . . Regulate the exhibition [and] posting . . . of . . . signs, or advertisements in or on the street, or on or upon . . . billboards, or other structures . . . ." The word "signs" reasonably may be construed to include the signboard structures themselves, given the evident purpose underlying section 38774 to permit municipal regulation of potential nuisances arising from the proximity of various types of outdoor advertising to streets, buildings and other public places.

■ As we have seen (fn. 1, *ante*), section 38774 is one of a group of sections which empower cities to regulate nuisances. Under section 38771, "By ordinance the city legislative body may declare what constitutes a nuisance," and under section 38773, a city may by ordinance provide for the abatement of a nuisance. Section 38774 specifies a particular type of nuisance subject to municipal control, and authorizes cities to "regulate" the exhibition and posting of signs and advertisements.

On the other hand, former Government Code section 65800, subdivision (b), on which defendants rely, made no reference to advertising signs and billboards, but merely authorized the legislative body to adopt ordinances regulating the location of buildings and "structures." That section constituted the authority for cities to enact comprehensive zoning ordinances generally, in accordance with specified procedures. (See fn. 5, *ante*.) It is a

---

§ 11, now art. XI, § 7.) One such "general law" is the so-called "Planning and Zoning Law" (Gov. Code, § 65000 et seq.) which, in 1965, required a public hearing before the planning commission, commission approval by at least a two-thirds vote, and city council adoption, following an additional public hearing, in order to enact a zoning measure. (See former Gov. Code, §§ 65650-65654, 65803, Stats. 1953, ch. 1355, pp. 2924, 2927.) City contends that its ordinance was not enacted as a zoning measure under the authority of the Planning and Zoning Law, but as a police power measure expressly authorized by Government Code section 38774.

fundamental rule of statutory construction that when a general statute appears to conflict with a special act, the latter will be considered an exception to the former. (*People* v. *Gilbert,* 1 Cal.3d 475, 479-480 [82 Cal.Rptr. 724, 462 P.2d 580]; see 45 Cal.Jur.2d, Statutes, § 120, and cases cited.) Accordingly, we deem section 38774 an exception to the general provisions of former section 65800, and we conclude that City's ordinance was not required to be enacted in accordance with zoning ordinance procedures.

██ We do not view our interpretation of section 38774 as vesting a city with unreasonably broad police powers in this area. ██ Although it is generally held that a municipality's power to regulate lawful businesses may not be used to prohibit them entirely (see *Parker* v. *Colburn,* 196 Cal. 169, 176 [236 P. 921]; 3 Witkin, Summary of Cal. Law (1960) Constitutional Law, § 160, p. 1971; 11 Cal.Jur.2d, Constitutional Law, § 149, p. 529, and fn. 14), that rule does not apply to a business whose operation constitutes a nuisance, inimical to the public welfare (see *Sunset Amusement Co.* v. *Board of Police Commissioners,* 7 Cal.3d 64, 80 [101 Cal.Rptr. 768, 496 P.2d 840]; *Jones* v. *City of Los Angeles,* 211 Cal. 304, 315 [295 P. 14]). ██ It should be remembered that, in the instant case, City's ordinance declares advertising adjacent to its freeways to be a nuisance, and that the reach of section 38774 seemingly extends no further than to permit regulation of such nuisances. (See fn. 1, *ante.*)

Moreover, City's ordinance does not purport to prohibit all signs and advertisements but only to regulate their location so that they do not constitute nuisances and for the obvious purposes of promoting highway safety as well as enhancing community aesthetic values. The case of *Varney & Green* v. *Williams,* 155. Cal. 318 [100 P. 867], is readily distinguishable. There the court held invalid an ordinance which forbade all advertising billboards within city limits. (See also *Metromedia, Inc.* v. *City of Pasadena,* 216 Cal.App.2d 270, 273-274 [30 Cal.Rptr. 731].)

We emphasize that ordinarily municipalities must follow statutory or charter zoning procedures strictly whenever they propose a substantial interference with land use, for such procedures are constitutionally mandated to insure that private property owners receive due process of law. (See *Scott* v. *City of Indian Wells,* 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; *Hurst* v. *City of Burlingame,* 207 Cal. 134, 141 [277 P. 308]; 55 Cal.Jur.2d, Zoning, § 109; McQuillin, Municipal Corporations, §§ 25.40, 25.46.) In the instant case, however, defendants have failed to establish any such substantial interference. In plaintiff's view, section 38774 would permit the exclusion of signboards adjacent to freeways, whereas, under defendants'

interpretation, only the advertisements themselves could be prohibited. Since the practical effect (in terms of restricted land use) would be the same, it is evident that we must scrutinize not the method but the *extent* of City's regulation in order to determine whether zoning procedures should have been followed. (See McQuillin, *supra,* § 25.53.) Whether a particular interference with, or restriction upon, land use is a substantial one, requiring compliance with applicable zoning procedures, can be determined only by examining the facts of each particular case. (*Id.,* § 25.46.) In the instant case, City's ordinance is narrowly limited to advertising displays adjacent to freeways and designed to be viewed primarily by freeway travelers; reasonable exemptions are made for advertisements affecting the property upon which the signboards stand. We conclude that the restrictions upon land use resulting from City's ordinance were minimal, and that accordingly that ordinance was properly enacted as a general police measure under section 38774 of the Government Code.[6]

The judgment is affirmed.

Sullivan, Acting C. J., McComb, J., Tobriner, J., Mosk, J., and Schauer, J.,* concurred.

Appellants' petition for a rehearing was denied March 8, 1973. Wright, C. J., did not participate therein.

---

[6]Defendants have also argued that the Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.), in effect when City's ordinance was enacted, preempted the regulation of advertising displays, including structures maintained for outdoor advertising purposes (see Bus. & Prof. Code, §§ 5204, 5205), except by local ordinances enacted in accordance with the Planning and Zoning Law (former Gov. Code, § 65000 et seq.). (See former Bus. & Prof. Code, § 5227.) Yet former section 5226 of the act specifically excluded from the act's operation territory located within incorporated cities and towns, and former section 5227 pertained to *counties,* not cities. Accordingly, the Outdoor Advertising Act did not restrict City's authority to adopt Ordinance No. 1018.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.