513 P.2d 690

Russell RUSSO, Thomas G. Cox, Vernon F. Dickerson, Jerold A. Cartin, J. James Murphy, William F. McDonald, Robert G. Clark, and Thomas P. Sylvester, Appellants,

v.

The CITY OF TUCSON, a municipal corporation, Appellee.

No. 2 CA–CIV 1417.

Court of Appeals of Arizona, Div. 2.

Sept. 4, 1973.

**402**

Russo, Cox, Dickerson & Cartin, P. C., by Jerold A. Cartin, Tucson, for appellants.

Herbert E. Williams, City Atty., by Dwight E. Eller, Asst. City Atty., Tucson, for appellee.

KRUCKER, Judge.

Is the licensing ordinance of the City of Tucson as it relates to attorneys valid? That is the question presented on appeal. The lower court answered this question in the affirmative and we agree.

The appellants, members in good standing of the State Bar of Arizona and practicing attorneys in the City of Tucson, instituted this action alleging in substance that the licensing provisions of the Tucson City Code as related to attorneys were in violation of A.R.S. §§ 32–201 through 32–275 and the Rules of the Supreme Court of the State of Arizona, 17 A.R.S. in particular Rules 27 through 44. The lower court found that the occupational tax imposed by the City of Tucson is not regulatory in nature and that the provisions of the City Code attacked by appellants were not in contravention of the aforementioned statutes and rules. The lower court was of the opinion that the case of McCarthy v. City of Tucson, 26 Ariz. 311, 225 P. 329 (1924), was dispositive of appellants' claim and granted summary judgment in favor of appellee.

Chapter IV § 1(18) of the Tucson Charter authorizes the City:

"To license and regulate . . . the carryings on of any and all professions . . . carried on within the limits of said city, and to fix the amount of li-cense tax thereon, to be paid by all persons engaged in carrying on . . . such profession . . . in said city; and to provide for the manner of enforcing the payment of such license tax. . . . ."

Section 19–2, Tucson Code, provides that it shall be unlawful for any person to carry on any profession without first having procured a license from the city to do so. Section 19–28 provides in pertinent part:

"The license tax set out in the following schedule is hereby established for businesses, occupations, trades, callings and professions listed therein and shall be paid by all persons who shall practice, transact, carry on or engage in such businesses, occupations, trades, callings and professions. . . . The schedule shall be as follows:

\*    \*    \*    \*    \*    \*

"Sec. 19–28(11). *Attorney-at-law*, each individual, except attorneys retained, appointed, elected or employed in or to full time positions with or by the State of Arizona, Pima County, or any municipality, or subdivision of the State or county government, or the United States Government or any agency thereof, who does not engage in the practice of law in any other manner or for any other client—[amount]."

We agree with appellants that the City of Tucson cannot regulate and license persons entitled to practice law within the State. The City, however, can require persons duly licensed by the State to pay a tax for the privilege of maintaining within the city a place in which, or from which, they practice their profession. People v. Williams, 207 Cal.App.2d Supp. 912, 24 Cal.Rptr. 922 (1962). In McCarthy v. City of Tucson, supra, the Supreme Court of Arizona held that the predecessor counterpart of the subject licensing ordinance was clearly a revenue measure and not a police regulation. The court stated:

"It does not undertake to supervise or regulate the practice of law in any man-

ner, and, if it did, the attempt would be unsuccessful, because that occupation is not one subject to controls by the police powers it being neither demoralizing nor dangerous to the public nor threatening to its health or safety. [Citation omitted] But this does not prevent a municipality from providing that one practicing law within its limits shall be subject to a license tax, and that the payment thereof may be enforced in a proper proceeding." 26 Ariz. at 314, 225 p. at 330.

As noted above, the City Charter expressly grants to appellee the power to impose a license tax on "professions." Under these circumstances the appellee can require a license of lawyers for the privilege of following the practice of law within the boundaries of the City of Tucson. *See*, 9 McQuillen, Municipal Corporations 3d Ed.Rev. § 26.130; Annot., 16 A.L.R.2d 1228 § 3. Nor does the fact that the power to control admission and regulation of attorneys is vested in the judicial department preclude the City from exacting a license tax from attorneys for revenue purposes. Sandstrom v. City of Fort Lauderdale, 133 So.2d 755 (Fla.App.1961); Sterling v. City of Philadelphia, 378 Pa. 538, 106 A.2d 793 (1954).

We hold, therefore, that the appellants' attack on the validity of the licensing ordinance is without merit. As stated in the oft-cited case of Ex parte Galusha, 184 Cal. 697, 195 P. 406 (1921):

"The municipality, in imposing an occupational tax upon attorneys, is not interfering with state regulations, for it is not attempting to prescribe qualifications for attorneys different from or additional to those prescribed by the State. It is merely providing for an increase in its revenue by imposing a tax upon those who, by pursuing their profession within its limits, are deriving benefits from the advantages especially afforded by the city. The tax is levied upon the business of practicing law, rather than upon a person because he is an attorney at law.

[Citation omitted] A license to practice does not carry with it exemption from taxation." 195 P. at 407.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.