523 P.2d 57

**CITY OF MESA, a municipal corporation, et al., Petitioners,**

v.

**HOME BUILDERS ASSOCIATION OF CENTRAL ARIZONA, INC., a non-profit Arizona corporation, and M. & L. Builders, an Arizona corporation, Respondents.**

**No. 11446.**

Supreme Court of Arizona, In Banc.
June 4, 1974.

J. LaMar Shelley, Mesa City Atty., Mesa, for petitioners.

Carmichael, McClue & Stephens, P.C. by Ronald W. Carmichael, Phoenix, for respondents.

STRUCKMEYER, Justice.

This Special Action was commenced to set aside an order of the Superior Court granting respondents' motion for summary judgment. It is, in effect, a continuation of the dispute which this Court sought to lay at rest in Home Builders of Central Arizona, Inc. et al. v. Riddel et al., 109 Ariz. 404, 510 P.2d 376 (1973).

In Home Builders of Central Arizona, Inc. v. Riddel, we held that neither the Constitution of Arizona, the Charter of the City of Tempe, nor legislative enactments sustained the imposition or collection of a tax of $100.00 imposed on the builder of each new dwelling unit in the City. We said Tempe had only those powers of taxation granted to it by the Constitution, by its Charter, or by the Legislature in A.R.S. § 9–276; and that the three sources enumerated did not provide for the tax.

In the present case, the Council of the City of Mesa adopted its Ordinance No. 748, which provides for the payment of a residential development tax in the amount of $150.00 on every person constructing a dwelling unit or a mobile home or trailer space within the City of Mesa. Respondent M. & L. Builders paid the tax and brought this suit for refund of the monies so collected.

In this Court, respondents argue that the power to exact the tax is not expressly granted in Mesa's Charter and therefore must be implied, citing Maricopa County v. Southern Pacific Company, 63 Ariz. 342, 162 P.2d 619 (1945). We do not think, however, that Mesa's tax is implied within the meaning of that case. Mesa's Charter expressly confers all the powers

granted to cities and towns under the provisions of A.R.S. Title IX.

Section 101 of the Mesa City Charter reads:

"The existing municipal corporation known as the 'City of Mesa' shall continue to be a body politic and corporate, with all powers possible under the constitution and general laws of Arizona as fully as though they were enumerated in this charter, and all the rights and powers granted or to be granted to charter cities and to cities *and towns* incorporated under the provisions of Title IX, A. R.S., and these further rights and powers, to-wit: * * *." (Emphasis added.)

Hence, to determine the powers granted it is only necessary to examine the Constitution, the general laws of Arizona and the powers granted to cities and towns incorporated under provisions of Title IX, A.R. S. The powers of cities and towns incorporated under the provisions of A.R.S., Title IX, are found in §§ 9–240 and 9–276. Section 9–276 relates to the powers of cities and § 9–240 relates to towns.

By § 9–240(B)(18) of Title IX, a town is granted the right:

"(a) To fix the amount of license taxes to be paid by any person, firm, corporation or association for carrying on any business, game or amusement, calling, profession or occupation, * * *."

■ It is true there is no language in Mesa's Charter which specifically authorizes the licensing of businesses as do the charters of Phoenix and Tucson, *see* Home Builders Association v. Riddel, *supra*, but we think the language used when fairly accorded its plain meaning confers the power. It is elementary that the entire matter of taxation is statutory and does not exist apart from statute, Board of Commissioners of Montgomery County v. Allen, 175 Kan. 460, 264 P.2d 916 (1953), overruled on other grounds, Phillips Petroleum Company v. Moore, 179 Kan. 482, 297 P.2d 183 (1956). Arizona's statute § 9–240 (B)(18)(a) does expressly provide for

the tax set forth in Mesa's Ordinance No. 748. The direct reference in the Charter to Article IX of the Arizona Statutes does not in our opinion mean that the tax is implied.

■ Respondents urge that the State of Arizona has preempted the tax area which Mesa seeks to reach by its Ordinance No. 748. It is argued that Arizona has a general statute licensing and regulating contractors including those who construct dwelling units and that this statute imposes a tax upon the right to engage in the business of contracting. *See* Arizona State Tax Commission v. Frank Harmonson Company Metal Products, 63 Ariz. 452, 163 P.2d 667 (1945). However, the fact that Arizona has enacted a contractors' licensing statute does not alone constitute a preemption. The Legislature has expressly provided by subsec. (b) of § 9–240 (B)(18): "Nothing in this article shall be construed as authorizing any town or city to levy an occupational license or fee on any activity when the general law of the state precludes levying such a license or fee."

Respondents do not point to any specific preclusion under the general law of the state. Rather, they rely upon the recently enacted Urban Environment Law, effective January 1, 1974, now A.R.S. § 9–463.01, which permits a municipality to require a builder to dedicate public streets, sewer and water easements, and reserve areas for parks and schools. Respondents conclude that the Legislature having given cities the power to make these exactions has inferentially rejected the right of a city to levy an occupation tax. We do not, however, see any necessary relationship between the powers granted to cities as set forth in § 9–463.01 and the exclusion of cities and towns from the area of licensing businesses and would not, in any event, deny a power expressly granted on such negative inferences.

■ The remainder of respondent's arguments may be rapidly summarized, for we think that while they are superficially

**32**

plausible, they are intrinsically without merit. We see no unreasonable classification of persons because the tax is limited to those constructing dwelling units and establishing mobile home spaces. Nor do we agree that because this tax may be passed on to the purchaser of the dwelling unit or the mobile home site that the singling out of the class of people so purchasing is in violation of the right to equal protection of the law. *See, e. g.*, Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955). Nor does the ordinance result in double taxation of new residents of the City of Mesa, even assuming that the $150.00 tax is passed on to the purchaser, the new resident, and that he has to pay an ad valorem tax levied against the property in the same taxable year. Terrell v. McDonald, 32 Ariz. 30, 255 P. 485 (1927).

Since it is our conclusion that the Superior Court erroneously granted respondents' motion for summary judgment, it is ordered that the Superior Court vacate its order and that Cause C–267664 be reinstated for such further proceedings as are appropriate therein.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.