533 P.2d 543

**WESTERN SURETY COMPANY, a South Dakota Corporation, Appellant,**

v.

**Patricia HORRALL, a divorced woman, Appellee.**

**No. 11704.**

Supreme Court of Arizona,
In Division.

April 1, 1975.

Rehearing Denied April 29, 1975.

George Sorenson, Jr., Phoenix, for appellant.

Meyer & Vucichevich by Rad L. Vucichevich and J. Terence Fox, Phoenix, for appellee.

HAYS, Justice.

Jurisdiction of this case is taken pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The appellee, Patricia Horrall, previously had recovered a judgment against Frontier Motors, Inc., for $25,000 compensatory and $10,000 punitive damages. Horrall had been unlawfully struck by an agent of Frontier. In this action, Horrall is at-

tempting to hold Western Surety Company liable for the judgment based on a surety bond issued to Charles McConnell. McConnell was an officer of Frontier, an Arizona corporation, and was not a party in either action.

A.R.S. § 28–1305 requires that a surety bond be secured by one seeking a motor vehicle license to sell used cars as a condition precedent to obtaining the license. Pursuant to this statute, Western issued a surety bond to McConnell as the sole named principal. The application for the used motor vehicle dealer license and the license itself were, however, issued to Frontier Motors, Inc. The issue is whether Western can be held liable for a judgment against Frontier on the basis of a surety bond issued to McConnell.

Suretyship contracts are construed according to the same rules applicable to other contracts. Cushman v. National Surety Corp. of New York, 4 Ariz. App. 24, 417 P.2d 537 (1966); Restatement, Security § 88. If a company agrees to be a surety for a particular principal, the contract is understood to be only for that named principal. Any material change in the obligation not assented to by the surety as one of the parties to the contract will discharge the surety from liability. This rule is applicable when there is a change of principals. In Bianco v. Fireman's Fund Indemnity, 72 Ariz. 181, 232 P.2d 386 (1951), it was said that the liability of a surety can only arise out of a bond contract made with the principal and it does not extend to activities of the principal in conjunction with others. If a surety undertakes responsibility for the performance of another, it does not then mean to undertake responsibility for the actions of the named principal performed jointly with a third person. This reasoning was applied to a partnership in Bianco v. Fireman's Fund Indemnity, *supra,* and it applies equally to a bonded individual who is also an officer of a corporation. We cannot hold Western liable for the activities of an entity that it did not bond. The fact

that the corporation was required to be bonded by law does not impose an obligation on Western absent a contractual relationship.

Therefore, it is ordered that the judgment of the trial court granting Horrall's motion for summary judgment be reversed, and it is further ordered that summary judgment for Western Surety Company is granted.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.