580 F.2d 848
 Robert O. SCHLYTTER and Marion C. Schlytter, his wife,
Plaintiffs-Appellants,
v.
A. L. BAKER, Individually and as Head of the Department of
Business Regulations, a Department of the State of Florida,
and C. R. Lynch, Individually and as Director of the
Division of Land Sales and Condominiums, a Division of the
Department of Business Regulations, Defendants-Appellees.
 No. 78-1060.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 22, 1978.
 
 Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, D. L. Middlebrooks, Pensacola, Fla., Spector & Tunnicliff, Sam Spector, Tallahassee, Fla., for plaintiffs-appellants.
 Laurence D. Winson, Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Florida.
 Before GODBOLD, RONEY and RUBIN, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 This case involves the constitutionality of Fla.Stat. §§ 718.302(3) and 718.401(8) (formerly 711.231) which prohibits escalation clauses in condominium leases when such clauses are keyed to national commodity or consumer price indexes. The Florida Supreme Court has held that the statute is prospective only on its application. Fleeman v. Case, Fla.S.Ct.1976, 342 So.2d 815; therefore, the sole constitutional issue presented is whether the statute denies lessors due process or equal protection in violation of the Fourteenth Amendment. Both parties moved for summary judgment, and the trial court in a full opinion upheld the statute. Appellant challenges both the result and the fact that it was reached by summary judgment on the basis that the court in its opinion stated "facts" that were neither stipulated nor proved.
 
 I.
 
 2
 Appellant is not estopped by the mere filing of his motion for summary judgment from now asserting that there are genuine issues of fact. As a general rule the filing by both parties of opposing motions for summary judgment will not warrant a court's granting either party's motion if, indeed, there exists a genuine factual dispute concerning a material issue. Bricklayers Local 15 v. Stuart Plastering Co., 5 Cir. 1975, 512 F.2d 1017; Hindes v. United States, 5 Cir. 1964, 326 F.2d 150, 152. As explained in Stuart Plastering, supra, the rationale of this rule lies in the fact that each party may be basing its motion on a different legal theory dependent on a different set of material facts.
 
 
 3
 When the parties proceed on the same legal theory and on the same material facts, however, the basis for the rule disappears. Thus, in qualifying the general rule, this Court has said:
 
 
 4
 Nonetheless, cross motions may be probative of the non-existence of a factual dispute when, as here, they demonstrate a basic agreement concerning what legal theories and material facts are dispositive.
 
 
 5
 Bricklayers Local 15 v. Stuart Plastering Co., 5 Cir. 1975, 512 F.2d 1017, 1023.
 
 
 6
 The trial court considered both the appellant's substantive due process and equal protection theories and found each without merit. In doing so, it relied on no factual assumptions, but tested the statute, as both parties sought, on its face. The appellant urged that the statute was irrational; the court found that it was rational, as a matter of logical deduction, not as a factual conclusion capable of being demonstrated by evidence. Facts sometimes belie what is evidently logical. The appellant, however, offered no facts to demonstrate a paradox here. It had an opportunity to do so and failed. Rule 56, F.R.C.P. Nor did the appellant's proffer demonstrate that the logical analysis was erroneous.
 
 
 7
 Where the plaintiff makes a factual proffer of evidence that would demonstrate an apparently rational statute to be in operation irrational and arbitrary, it is entitled to an opportunity to prove what it suggests by affidavit or deposition. But, absent such an offer, the mere existence of the issue does not command a trial. Thus, the Supreme Court has recently declared statutes and ordinances constitutional in cases arising on motion for summary judgment without ever discussing the necessity for factual proof. New Orleans v. Dukes, 1976, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511; North Dakota St. Bd. of Pharmacy v. Snyder's Drug Stores, Inc., 1973, 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379.
 
 
 8
 The trial court stated a logical deduction, not a proved fact, when it observed:
 
 
 9
 The classification at least furthers the legitimate objectives of curbing inflation and controlling abuses in the condominium trade.
 
 
 10
 For these reasons, and for the reasons advanced by the trial court in its opinion, the judgment is AFFIRMED.