YOUNG ELECTRIC SIGN COMPANY, APPELLANT, *v.* STATE OF NEVADA, DEPARTMENT OF HIGH-WAYS (AGENT FOR THE UNITED STATES OF AMERICA), RESPONDENT.

No. 13452

December 15, 1982 654 P.2d 1028

*Mahan & Ellis,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, and *Allen D. Gibson,* Deputy Attorney General, Carson City, for Respondent.

---

[3]The Honorable Robert L. Schouweiler, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of JUSTICE JOHN C. MOWBRAY, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

[4]The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in place of JUSTICE CAMERON M. BATJER, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

## OPINION

*Per Curiam:*

On February 1, 1975, appellant erected an electric outdoor advertising sign along Interstate 15, about ¼ mile south of Jean, Nevada. The sign was built at an alleged cost of $126,814.00, and advertised a business known as "Pop's Casino," located adjacent to the nearby off-ramp. On February 14, 1975, respondent served appellant with a written notice that the sign violated provisions of the Nevada Outdoor Advertising Act, NRS 410.220 *et seq.,* and that the violations rendered the sign a public nuisance subject to summary abatement if the violations were not corrected within thirty days. *See* NRS 410.360. Appellant wrote respondent, disputing the violations and requesting a hearing thereon. No hearing was held, and except for some informal communication between the parties no action was taken by either party for approximately two and one-half years. On October 15, 1977, respondent had the sign removed on a weekend, with no additional written notice to either appellant or Pop's Casino. The sign was removed intact by cutting through its support struts, and although it contained

electrical equipment salvageable by appellant, it was taken away and destroyed.

Appellant filed suit in the district court for damages, contending that respondent deprived appellant of property without due process of law by removing and destroying the sign without notice and an opportunity to be heard on the issue of whether the sign violated the Act. On cross-motions for summary judgment the district court found that the sign did violate the Act and that respondent acted constitutionally in removing and destroying it. Since the abatement of a nuisance does not generally give rise to a cause of action for damages, the court granted summary judgment to respondent; this appeal ensued.

The reasonable regulation of outdoor advertising and the classification of signs that violate such regulations as public nuisances is a legitimate exercise of the state's police power. City of Escondido v. Desert Outdoor Advertising, Inc., 505 P.2d 1012 (Cal. 1973); *cert. denied,* 414 U.S. 828 (1973), *disapproved on other, unrelated grounds,* San Diego Bldg. Contr. Ass'n v. City Coun. of San Diego, 529 P.2d 570 (Cal. 1974); *see* Lawton v. Steele, 152 U.S. 133 (1893); *see also* Metromedia, Inc. v. San Diego, 453 U.S. 490 (1981) (reasonable regulation of billboards does not violate First Amendment right of commercial speech). The power to regulate, however, does not relieve the state of its obligation to follow proper constitutional procedures, *i.e.,* notice and an opportunity to be heard, before removing an outdoor advertising sign alleged to be in violation of the Act. *See* Leppo v. City of Petaluma, 97 Cal.Rptr. 840 (Ct.App. 1971); Bowden v. Davis, 289 P.2d 1100 (Or. 1955).

The district court found that respondent had acted constitutionally in removing the sign. Implicit in that finding is a determination that respondent followed proper constitutional procedures. Our review of the record, however, reveals a triable issue of material fact as to whether the original written notice, served on appellant in 1975, continued to be a constitutionally valid notice when the sign was removed well over two years later. We also perceive a triable issue on the material fact as to whether the sign, once cut down, no longer constituted a nuisance and should not have been destroyed by respondent.

There being triable issues of material fact, the district court's grant of summary judgment to respondent was error. *See* Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

Accordingly, the order granting summary judgment is reversed, and the cause remanded for trial on the merits.

Reversed and remanded.[1]

---

[1] Appellant also appealed from the district court's order denying its motion to retax costs. In the order granting summary judgment, the court awarded respondent the expenses incurred in removing the sign as costs. The court did so under the language of NRS 410.360, which gives respondent a right of action against a sign owner to recover such expenses when a sign constituting a nuisance is removed. In light of our disposition of the appeal from the order granting summary judgment, it is unnecessary for us to reach this issue. We note, however, for the guidance of the trial court, that NRS 410.360 only grants a right to sue, not a right to recover the sign removal expenses as costs in an action for damages brought against respondent by a sign owner. Such expenses are not recoverable as costs. *See* NRS 18.005 *et seq.*