MIDLAND INSURANCE COMPANY, Appellant, *v.* YANKE PLUMBING AND HEATING, INC., Respondent.

No. 13282

February 9, 1983                                            657 P.2d 1152

---

*Fitzgibbons & Beatty,* Las Vegas, for Appellant.

*Rogers, Monsey, Woodbury* and *Berggreen,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On or about July 13, 1979, Yanke Plumbing and Heating Co. (Yanke) entered into a series of five separate written contracts with a general contractor named Bernard Schiappa, who was doing business with Joseph Ash as Contemporary Builders. Contemporary Builders has never been licensed with the State Contractor's Board (Board). Pursuant to those contracts, Yanke furnished all materials and labor necessary to complete the "rough," "top-out" and "finished" plumbing for six houses in Clark County, Nevada. Yanke contends that Schiappa owes approximately $6,000 under the July 13th contracts for labor and materials provided by Yanke after August 28, 1979.

On August 28, 1979, Midland Insurance Co. (Midland)

issued to Schiappa a State of Nevada contractor's bond in the sum of $5,000. The bond sets out verbatim the provisions of NRS 624.273(1). Schiappa holds a contractor's license issued by the Board on June 18, 1978.

Yanke commenced this action against Midland to recover on the licensing bond issued to Schiappa for the moneys it claims were due and owing under the July 13th contracts. In response to cross motions for summary judgment on all issues, the lower court found that there were no material issues of fact, and that the respondent, as a *subcontractor,* could claim against licensing bond, pursuant to NRS 624.273(1)(c). Thus, the trial court granted summary judgment in favor of Yanke on the licensing bond in the sum of $5,000. Midland has appealed from this judgment.

On appeal, Midland argues that the lower court erred in granting a summary judgment because genuine issues of material fact remain. This court, however, has emphasized in two recent opinions that cross motions for summary judgment do not necessarily result in a waiver of a judicial determination of whether a material issue of fact exists on either side of the case. *See* Cheqer, Inc. v. Painters & Decorators, 98 Nev. 609, 655 P.2d 996 (1982); Young Electric Sign Co. v. State, 98 Nev. 536, 654 P.2d 1028 (1982). Although *Cheqer* involved a situation where the cross motions for summary judgment were directed toward two separate legal theories which were supported by two separate sets of facts, there is no reason for limiting the principle announced therein to that particular situation. The decision as to whether a genuine issue of material fact exists is a question of law which the lower court must address. The trial court cannot abdicate its role as arbiter of questions of law simply because both parties happen to file motions for summary judgment. Even though cross motions for summary judgment as to the same legal theories which are premised on the same set of facts may be *probative* of the nonexistence of a factual dispute, *see* Schlytter v. Baker, 580 F.2d 848, 850 (5th Cir. 1978), the trial court must rule separately on each party's motion, and if a genuine issue of material fact exists, then both motions must be denied. *See* Cheqer Inc. v. Painters & Decorators, *supra.* *Accord* Securities Exch. Com'n v. Am. Commodity Exch., 546 F.2d 1361, 1365 (10th Cir. 1976). Thus, we must review the record to determine whether the lower court overlooked a genuinely disputed factual issue.

Midland argues that because its surety bond names only

Schiappa as the principal, the lower court erred in extending Midland's liability on the bond to cover a business entity such as Contemporary Builders. Such an addition to the principals of a bond, appellant contends, materially alters the nature of its obligation as a surety. *See, e.g.,* Western Surety Co. v. Horrall, 533 P.2d 543 (Ariz. 1975). In Zuni Constr. Co. v. Great American Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970), this court announced that strict construction in favor of a compensated surety is no longer the policy of law in this state and that the contract of a compensated surety should be interpreted liberally in the interests of the promisee and the beneficiaries. *Id.* at 347, 468 P.2d at 982. There, the surety claimed that the original named principal had discharged the surety's obligation under a performance bond by assigning the construction contract to a third party. This court, however, reversed the lower court's summary judgment in favor of the surety, stating that "a compensated surety cannot be discharged from its obligation when there is an alteration or modification in the contract unless it shows it was prejudiced or injured by the variance." *Id.* We remanded the case for trial to determine whether the surety suffered any injury or prejudice as a result of the assignment.

The record in the present case contains no evidence of prejudice or injury to Midland resulting from Schiappa's business association with Ash. The lower court erred in granting a summary judgment because on the limited record before it the court could not say, as a matter of law, that Midland was prejudiced by Schiappa's association with Ash. *See generally* Cheqer, Inc. v. Painters and Decorators, *supra.*

Finally, Midland argues that the lower court erred in holding that Yanke, as a subcontractor, was entitled to claim against Schiappa's contractor's licensing bond under NRS 624.273(1)(c). In plain language, NRS 624.273(1)(c) defines one group of intended beneficiaries of a contractor's licensing bond, issued pursuant to and in conformance with NRS 624.270, as suppliers or materialmen who furnished materials or equipment for construction covered by the contract. The contracts which the parties executed on July 13, 1979, indicate that Yanke furnished all materials necessary to complete the plumbing for several houses. Although Yanke was Contemporary Builder's plumbing subcontractor, it also supplied materials or equipment for construction covered by the contract. The trial court did not err in holding that Yanke, as a subcontractor, was entitled to claim against a contractor's licensing bond, pursuant to NRS 624.273(1)(c).

Accordingly, the summary judgment against Midland Insurance Company is reversed and the case is remanded for trial on the issue of whether appellant suffered any injury or prejudice from Schiappa's association with Ash.[1]

---

[1]JUSTICE JOHN MOWBRAY voluntarily disqualified himself from consideration of this case.